**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

```
H. C. DUKE & SON, INC.,           )
                                  )
     Plaintiff,                   )
                                  )
        v.                        )    Case No. 07-cv-4035
                                  )
MIM DESIGN GROUP, IRA SUMKIN,     )
and MICHAEL BENWARD,              )
                                  )
     Defendants.                  )
```

**O R D E R**

Before the Court are the Motion for Default Judgment filed by Plaintiff, H.C. Duke & Son, Inc., on August 31, 2007 [Doc. 9], the Motion to Set Aside Default filed by Defendants MIM Design Group and Michael Benward [Doc. 15], and the Motion to Amend/Correct Affidavit filed by Plaintiff on October 5, 2007 [Doc. 16].  For the reasons set forth below, the Motion for Default Judgment is DENIED, the Motion to Set Aside Default is GRANTED, and the Motion to Amend/Correct Affidavit is GRANTED.

**BACKGROUND**

The source of these pre-Answer motions and documents is most aptly described as a misunderstanding between the parties. Plaintiff filed suit on July 3, 2007 and alleges a basic breach of contract claim: Plaintiff provided products to Defendant partnership and it failed to tender payment.  Plaintiff further alleges that the individual Defendants are partners who are liable for the debt.  After serving MIM Design Group ("MIM") and

Michael Benward (and after attempting to serve Ira Sumkin), Plaintiff sought default judgment. This Court declined to enter judgment but directed the Clerk to enter MIM's and Benward's default as they had failed to file a responsive pleading. This Court further ordered Plaintiff to file an affidavit that would establish its damages against MIM and Benward.

Plaintiff filed the affidavit of Jim Nelson, Plaintiff's Vice-President of finance, on October 4, 2007. Nelson indicates that the amount due is $80,210.80 [Doc. 14]. This affidavit did not include attachments referenced in the affidavit. Plaintiff filed Nelson's affidavit again, with the necessary attachments, as an exhibit to his Motion to Amend/Correct. Also on October 4, 2007, Defendants MIM and Benward filed the Motion to Set Aside Default. These Defendants assert that MIM is an assumed name and that the real party in interest is IM Holdings, LLC, a New York limited liability corporation. Defendants further assert that Benward is not a "partner" but a "member" of IM Holdings and therefore has a meritorious defense to individual liability.

Plaintiff's and Defendants' attorneys appear to agree that they had conversations about this case, MIM's legal status, and the Motion for Default Judgment on September 6, 2007 (after the Motion for Default Judgment was filed) and at other times. Neither party appears to agree as to exactly what was conveyed;

however, it appears that Defendants provided Plaintiff with documents supporting its assertion that IM Holdings, LLC uses "MIM Designs" as an assumed name and that Defendants told Plaintiff that Benward was not a partner of the firm but rather a member. Defendants further assert that they believed that they were granted until October 5, 2007 (by Plaintiff) to file a responsive pleading.

## DISCUSSION

An entry of default may be vacated if a Defendant shows: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 809-810 (7th Cir. 2007). Defendants have shown good cause for the default by indicating an apparent misunderstanding regarding the agreement they had with Plaintiff to extend the responsive filing deadline to October 5, 2007. Defendants have further taken action to correct the default by filing the appropriate Motion. The Court is hesitant to call Defendants' actions "quick" as they waited over two months after service of the Complaint to file the pending Motion. However, Defendants' counsel was in contact with Plaintiff's counsel on September 6, 2007, a month after service, and only a few days after the responsive pleading deadline. And, Defendants' delay in filing the pending Motion could be attributed to Defendants' belief

that Plaintiff had agreed to an extension of time.  Finally, Defendants appear to have a meritorious defense.  While not completely spelled out in Defendants' papers, MIM Design Group has the defense that it is not a legal entity capable of being sued.  Similarly, Benward has asserted that he is not a partner in MIM Design Group or IM Holdings, LLC and therefore cannot be personally liable.[1]

In addition to the foregoing, there can be no prejudice to Plaintiff.  A delay of a few months would hardly place Plaintiff in an untenable position.  Moreover, Plaintiff has an interest in making sure that the proper party-Defendants are named.  Finally, the sanction of default judgment is not warranted in this case.  It is clear that Defendants have not behaved in a dilatory manner nor have they wholly failed to participate in this lawsuit.

## CONCLUSION

For the foregoing reasons, the Motion for Default Judgment filed by Plaintiff on August 31, 2007 [Doc. 9] is DENIED, the Motion to Set Aside Default filed by Defendants [Doc. 15] is GRANTED, and the Motion to Amend/Correct Affidavit filed by

---

[1] As a side note, Defendants' "Resistance Regarding to Response to Motion to Set Aside Default Pursuant to Rule 55(C) [sic]" [Doc. 18] is an improper filing.  This document, notwithstanding its title, is merely a reply brief to Plaintiff's response to the Motion to Set Aside Default.  Reply briefs are not permitted.  LOCAL RULE 7.1(B)(3).  Any future filings that do not comport with the Local Rules will be stricken.

Plaintiff on October 5, 2007 [Doc. 16] is GRANTED.  The entry of default with respect to MIM Design Group and Micheal Benward is hereby SET ASIDE.

Defendants MIM and Benward SHALL file a responsive pleading within ten (10) days of the date of this order.  This matter is REFERRED to the Magistrate Judge for further pretrial proceedings.

Entered this  30th  day of October, 2007

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge