E-FILED
Friday, 06 February, 2009  03:35:15 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| H C DUKE & SON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   07-cv-4035 |
| | ) | |
| MIM DESIGN GROUP, IRA SUMKIN, | ) | |
| and MICHAEL BENWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court are the Motion to Dismiss filed by Defendants MIM Design Group and Michael Benward on July 14, 2008 [Doc. 43] and the Motion to Dismiss filed by Defendant Ira Sumkin on July 15, 2008 [Doc. 45].  For the reasons that follow, the Motions are GRANTED.

## BACKGROUND

The Amended Complaint alleges a basic breach of contract claim: H. C. Duke & Son, Inc. alleges that it sold products to MIM Design Group and that it failed to tender payment in the amount of $80,210.80.  Plaintiff further alleges that MIM Design Group is a partnership and that both individual Defendants, Ira Sumkin and Michael Benward, are general partners making them jointly and severally liable for the debt.

Defendants challenge this Court's personal jurisdiction and discovery commenced on this limited issue.  Defendants have now filed motions challenging venue and personal jurisdiction.

Discovery revealed that Sumkin and Benward, along with another person who is not a party to this lawsuit, became members of IM Holdings, LLC, a limited liability company that they established in September 6, 2005. The purpose of IM Holdings, LLC was to engage "in the business of interior design and construction of commercial business and office space, and the sale of food service equipment. (Ira Sumkin Dep. Ex. 1, p. 30). Specifically, IM Holdings, LLC was involved in the building of stores and supply of equipment (like soft serve ice cream machines) for Maggie Moos ice cream stores. The business was incorporated in New York, its principal place of business was New York, and both Sumkin and Benward are citizens of New York. The evidence further reveals that IM Holdings, LLC does business as "MIM Design," a registered d/b/a, and that "MIM Design Group" was used as a letterhead on various invoices although it is not a registered d/b/a.[1] (Sumkin Dep. Ex. 1 at p 41 – document entitled "CONTRACT"; Michael Benward Dep. p. 15)). IM Holdings, LLC subsequently dissolved on April 28, 2007. (Id. at p. 48).

Duke, is a Delaware corporation whose principle place of business is Illinois. Duke does business as Carpigiani Corporation of America. From November 2005 to January 2007 "MIM Design Group" contracted with Carpigiani for the purchase of various equipment. (Jim Nelson Aff. ¶ 3). Invoices sent by Carpigiani to MIM Design Group, which are attached to Nelson's affidavit, indicate that Carpigiani is located in Winston-Salem, North Carolina. The invoices themselves do not indicate

---

[1] Plaintiff disputes that MIM Design Group is a d/b/a of IM Holdings LLC and instead argues that MIM Design Group is a separate and distinct entity. For purposes of these Motions, the distinction is not important.

from whence the items are shipped.  However, the invoices indicate that payments are to be sent to Carpigiani's office in Chicago, Illinois.  The invoices also do not represent that Carpigiani is a d/b/a or otherwise associated with Duke.

Benward was responsible for ordering products for MIM Design Group. (Benward Dep. p. 12).  While Benward was ordering products from Carpigiani, he was not aware that it was part of Duke.  (Benward Dep. p. 25)  Benward believed that products were shipped from South Carolina[2] and was not aware that products were shipped from Duke in Illinois.  (Benward Dep. p. 27).  Benward's only contact with respect to ordering the products was with "Carpigiani North Carolina." (Benward Dep. P. 30).  Sumkin did not place any orders on behalf of IM Holdings, LLC or MIM Design Group with either Carpigiani or Duke.  (Sumkin Dep. p. 22). Sumkin's deposition revealed that he merely signed checks presented to him by IM Holdings LLC's bookkeeper, Colleen, to pay for goods and that he neither viewed nor was aware of the actual invoices.

In this diversity action, Plaintiff alleges that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000.

## DISCUSSION

It is Plaintiff's burden to show that this Court has personal jurisdiction over Defendants; however, because there appears to be no facts in dispute, Plaintiff need only establish a *prima facie* case of personal jurisdiction.  Kinslow v. Pullara, 538 F.3d 687, 690 (7th Cir 2008).  Thus, Plaintiff must show that Defendants "are

---

[2]  Benward may have misspoken and instead was referring to North Carolina. (Benward Dep. p. 30)

amenable to process under an appropriate statute, and that it is consistent with due process to require them to submit to litigation in an Illinois Court." Id.  There appears to be no question that Plaintiff is asserting that this Court has "specific jurisdiction" over this matter because the claims arise out of Defendants' contacts with Illinois with respect to the contract at issue.[3] See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-473 (1985).

Illinois' long-arm statute provides for personal jurisdiction in a number of enumerated instances including the transaction of any business, the commission of a tort within the state, the ownership of real estate, and "the making or performance of any contract or promise substantially connected with this state." 735 Ill Comp. Stat. § 5/2-209.  The statute also contains a "catch-all" provision which states that "a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Id. at § 5/2-209(c).  Both the Illinois and the United States Constitutions' due process requirements are similar and "no case has yet emerged where due process was satisfied under the federal constitution and not under the Illinois constitution."  Citadel Group Ltd. v. Washington Regional Medical Center, 536 F.3d 757, 761 (7th Cir. 2008).

Accordingly, due process requires that a defendant have "certain minimum contacts" with a forum state such that "the maintenance of the suit does not offend

---

[3] General personal jurisdiction, of the type that was the subject of the Supreme Court's decision in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1983), is exercised when the suit does not arise out of a defendant's contacts with the forum.

'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v.</u> <u>Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)); <u>See also</u> <u>Burger King</u>, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."). Such purposeful minimum contacts may not merely be random, fortuitous, or attenuated: a "'defendant's conduct and connection with the forum state'" must be sufficient such that "'he should reasonably anticipate being haled into court there.'" <u>Id.</u> (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 295 (1980)). The mere presence of a contract does not automatically confer jurisdiction. <u>Citadel Group Ltd.</u>, 536 F.3d at 761 (citing <u>Burger King</u>, 471 U.S. at 478). Rather, the court must consider various factors including prior negotiations, the terms of the contract, the course of dealing, and the future consequences, among other things. <u>Id.</u>

Plaintiff argues that personal jurisdiction exists because the items ordered by MIM Design Group were shipped from Duke's office in Illinois and MIM Design Group subsequently made payments to Carpigiani's office in Illinois. Plaintiff also argues that Benward knew that the items were shipped from Illinois; however, his deposition does not bear this fact out; nor do the tracking documents, which are attached to Jim Nelson's (who is Duke's Vice President of Finance) affidavit, filed on October 5, 2007 [Doc.16]: it is unclear whether Benward generated the tracking documents from UPS and Old Dominion Freight Line or that he even saw the tracking documents such that he would be aware that items were shipped from

Illinois.  Moreover, Benward did not know that Carpigiani was part of Duke while

he was doing business with Carpigiani.  (Benward Dep. 25).  Nonetheless, Benward

contacted Nelson in 2007 when purchasing a piece of equipment and at some point,

he found out that "everything was going through HC Duke in Illinois."  (Benward

Dep. 26).

Based on this evidence, this Court can only conclude that MIM Design Group

did not have sufficient minimum contacts with Illinois such that haling them into

Court in Illinois would be reasonable.  Plaintiff's entire argument hinges on an

assertion that Defendants knew or should have known that they were doing

business with Duke in Illinois.  However, the only evidence that Defendants were

aware of Duke's existence is that Benward initially contacted Nelson, the Vice-

President of Duke, to purchase various equipment.  There is no showing that Nelson

identified himself as a Duke employee, or that there was any discussion of where

the items would be manufactured or shipped . See Lakeside Bridge &  Steel Co. v.

Mountain State Construction Co., 597 F.2d 596 (7th Cir. 1979) (finding that

personal jurisdiction did not exist in Wisconsin where a West Virginia company

contracted with a Wisconsin company, where the West Virginia company had

knowledge that the items were assembled in Wisconsin, and where various

telephone and mail was exchanged but where the Wisconsin company had

unilateral control over where the items would be manufactured).  Indeed, the only

evidence is that Defendant conducted business with what appeared to be a North

Carolina business, Carpigiani, and that when they had a problem, they contacted

Carpigiani, not Duke.[4]  Moreover, the mere making of telephone calls and mailing

payments into Illinois are not sufficient to establish minimum contacts.  See

Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co. 18 F.3d 389, 395

(1994).  This Court cannot find that Defendants' limited contacts with this forum

are such that they should reasonably anticipate being haled into court here.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants MIM

Design Group and Michael Benward on July 14, 2008 [Doc. 43] and the Motion to

Dismiss filed by Defendant Ira Sumkin on July 15, 2008 [Doc. 45] are GRANTED.

This matter is DISMISSED WITHOUT PREJUDICE for lack of personal

jurisdiction.


Entered this 6th day of February, 2009


                                    s/ Joe B. McDade
                                    _____
                                    JOE BILLY MCDADE
                                    United States District Judge

---

[4] The Court would further note that there is no evidence that Sumkin had any
minimum contacts with Illinois except to the extent that the was associated with
MIM Design Group.